## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Frank Staples

    v.                                        Civil No. 14-cv-473-JL

Richard M. Gerry, Warden, New Hampshire
State Prison; William Wrenn, Commissioner,
New Hampshire Department of Corrections;
New Hampshire Parole Board; and James Daly,
Chaplain, New Hampshire State Prison

## REPORT AND RECOMMENDATION

Before the court is New Hampshire State Prison ("NHSP")
inmate Frank Staples's "Motion to Compel Defendants to Provide
Adequate Paper, Copies, Legal Assistance, Religious Services,
[and to] Produce Documents and Take Pictures of Plaintiff after
Groomed" ("Motion to Compel") (doc. no. 15).  The motion has
been referred to the magistrate judge for a recommendation as to
disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  See Jan. 14,
2015, Order.  For reasons set forth below, the Motion to Compel
(doc. no. 15) should be denied.

## Discussion

### I.  Preliminary Injunction Standard

"A plaintiff seeking a preliminary injunction must
establish that he is likely to succeed on the merits, that he is
likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The likelihood of success on the merits and likelihood of irreparable harm weigh heavily in the analysis, and are assessed in tandem.  See W Holding Co. v. AIG Ins. Co., 748 F.3d 377, 383 (1st Cir. 2014); Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011); Braintree Labs., Inc. v. Citigroup Global Mkts., Inc., 622 F.3d 36, 42-43 (1st Cir. 2010).  "'[W]hen the likelihood of success on the merits is great, a movant can show somewhat less in the way of irreparable harm and still garner preliminary injunctive relief.'" Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 485 (1st Cir. 2009) (citation omitted).  The burden of proof on all of the preliminary injunction factors is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

The court may rule on a motion for a preliminary injunction on the papers if it has before it "'adequate documentary evidence upon which to base an informed, albeit preliminary conclusion,'" and the parties have been afforded "'a fair opportunity to present relevant facts and arguments to the court, and to counter the opponent's submissions.'" Campbell Soup Co. v. Giles, 47 F.3d 467, 470-71 (1st Cir. 1995)

(citations omitted).  The parties here have had such an opportunity with respect to the motion to compel (doc. no. 15).

## II.  <u>Motion to Compel (doc. no. 15)</u>

### A.  <u>Photographs</u>

The Motion to Compel (doc. no. 15) seeks, among other things, an order requiring defendants to take photos of plaintiff's beard and/or hair.  In the February 18, 2015, hearing, in which plaintiff appeared via telephone conference, plaintiff withdrew that part of his motion, anticipating that when he appeared before the court for the February 19, 2015, evidentiary hearing, he would be able to display and demonstrate the qualities of his beard.  Accordingly, the request for court-ordered photographs is moot.

### B.  <u>Offender Record</u>

The motion to compel includes plaintiff's request for a copy of his offender record.  The record indicates that plaintiff did not serve defendants with any pertinent discovery request before seeking to compel production of his offender record.  Accordingly, the motion to compel as to that item should be denied as premature.

### C.  <u>Access to Courts</u>

The motion to compel seeks relief on a claim that plaintiff has been denied access to appropriate legal assistance, law

library resources, copies, stationery, and stamps that he
asserts he needs to litigate claims in this action.  Prisoners
do not, in general, have a freestanding right to law library
access or trained legal assistance.  See Bourdon v. Loughren,
386 F.3d 88, 92 (2d Cir. 2004) (citing Lewis v. Casey, 518 U.S.
343, 351 (1996)).  Rather, they have a constitutional right to
access the courts, which affords them access to the tools
necessary to sue and defend in actions that fall within the
scope of that right, including civil rights actions challenging
the conditions of their confinement.  See Lewis, 518 U.S. at
355; Bourdon, 386 F.3d at 92, 95-98.  To state a claim for a
denial of access to the courts, an inmate must show, among other
things, that his ability to pursue a nonfrivolous claim that he
has a right to litigate has been hindered.  See Lewis, 518 U.S.
at 349-52.  Staples has demonstrated an ability in this case to
research his claims using the resources that are available to
his at the NHSP.  In relatively short order, he was able to
extensively brief issues relating to his request for preliminary
injunctive relief, and in his filings, he cited a number of
pertinent authorities that have been helpful to the court in
considering his claims and the pending motions.  The record in
this case includes a number of multi-page filings by Staples,
citing such pertinent authorities.  Nothing in the record

suggests that Stapes has been hindered in his ability to litigate his claims in this case, or in any other case to which the right to access the courts applies.  Furthermore, the court has relieved Staples of the duty to serve his filings on defendants, so that Staples need not produce paper service copies when he files documents in this court.  Accordingly, Staples has failed to show a likelihood of success on the merits of an access to the courts claim, or irreparable harm, and, for those reasons, his request for an injunction relating to the law library, legal resources, copies, and stationery should be denied.

      D.   Religious Books and Services

    In the Motion to Compel (doc. no. 15), Staples has asserted that he was denied religious services and books for three years, and he specifically seeks an order compelling Chaplain James Daly to meet with Staples more than once, to discuss his religious needs.  In the February 19, 2015, evidentiary hearing on plaintiff's separately-filed motion for a preliminary injunction relating to the NHSP beard trimming policy (doc. no. 1), plaintiff stated on the record that Chaplain Daly has begun to make efforts to provide him with religious services and religious books, in a manner leading Staples to believe he might be able to drop his claims relating to Chaplain Daly.  Those

statements indicate that a preliminary injunction is presently unnecessary to avoid irreparable harm to plaintiff, with respect to his claims relating to the denial of religious books and religious services.  Nothing in the record among all the documents filed since February 19, 2015, suggests that Chaplain Daly or other defendants have backtracked in their present efforts to provide Staples with religious books and services. Accordingly, the district judge should deny the Motion to Compel (doc. no. 15) without prejudice, because Staples has failed to show irreparable harm, to the extent he has requested a preliminary injunction ordering defendants to provide religious services and/or books to Staples at this time.  Staples may renew the motion at any time in this case if defendants retreat in their efforts to provide him with religious services and/or religious books.

### Conclusion

For reasons stated above, the district judge should deny the motion to compel (doc. no. 15), with respect to all of the relief requested in that motion.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal

the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).


Andrea K. Johnstone
United States Magistrate Judge

April 13, 2015

cc:   Frank Staples, pro se
      Francis Charles Fredericks, Esq.
      Nancy J. Smith, Esq.