**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Frank Staples</u>

    v.                                                  Civil No. 14-cv-473-LM

<u>Richard M. Gerry, Warden, New Hampshire
State Prison, et al.[1]</u>

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

This Supplemental Report and Recommendation ("Supplemental R&R") is issued in response to the June 22, 2015, Order (doc. no. 105), which directed the magistrate judge to reconsider whether to add to this action new Eighth Amendment excessive force claims against new defendants, New Hampshire State Prison ("NHSP") Officer Forcier, Capt. Fiorillo, and Sgt. Carroll, through allegations summarized in the May 11, 2015, Service Order (doc. no. 85) as Claim 9.  This Supplemental R&R supplements the May 11, 2015, R&R ("May 11 R&R") (doc. no. 84), Part III, concerning plaintiff Frank Staples's "Amended and

---

[1] In addition to New Hampshire State Prison ("NHSP") Warden Gerry, defendants who have been served in this action are William Wrenn, New Hampshire Department of Corrections ("DOC") Commissioner; the New Hampshire Adult Parole Board ("APB"); James Daly, NHSP Chaplain; APB panel members Jeff Brown, Donna Sytek, and Mark Furlone; NHDOC Classifications Administrator Kim Lacasse; NHSP Corrections Officer ("C.O.") Joseph Michaud; NHSP Capt. Ronald Gagliardi; NHSP Maj. Jon Fouts; DOC Officer Christopher Kench; NHSP Sgt. Robert Parent; NHSP Lt. Paul Courshesne; NHSP Sgt. Scott Marshall; NHSP Lt. Michael Edmark, NHSP Sgt. Paul Carroll; NHSP Capt. Santo Fiorillo; and NHSP C.O. Keith Forcier.

Supplemental Complaint" (doc. no. 63).

## Background

Document No. 63, construed liberally, in pertinent part, seeks to add new Eighth Amendment excessive force claims to this action against Fiorillo, Forcier, and Carroll, who were not previously named as parties. The allegations at issue, pleaded by Staples in paragraphs 45-48 and 51-52 of the "Amended and Supplemental Complaint" (doc. no. 63), were previously summarized and identified as Claim 9 in the May 11, 2015, Order (doc. no. 85), directing service upon the new defendants ("May 11 Service Order"). Those excessive force claims are described in greater detail below:

> 9. Defendants are liable for violating Staples's Eighth Amendment rights, for using force to cause harm, maliciously or sadistically, in a manner unjustified by the need to maintain or restore discipline, in that:
>
>> A. Sgt. Carroll tazered plaintiff on February 9, 2012, and caused plaintiff to be thrown to the floor and kicked, while plaintiff was naked and defenseless, because plaintiff had refused to comply with an order to cuff up while protesting his inability to access dictionaries and self-help/religious texts;
>>
>> B. On April 10, 2012, unnamed officers used excessive force in executing Dr. Daniel Potenza's order that plaintiff be removed from his cell, in tazering plaintiff while he was lying in his bed, carrying him to the Health Services Center, and ripping off his clothes;
>>
>> C. Capt. Fiorillo caused plaintiff to be tazered by

2

>     Officer Forcier in November 2012, while plaintiff
>     stood naked with his hands up, because plaintiff had
>     refused to perform a body cavity search upon himself.

Document No. 63 also added a disability discrimination claim, under the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA"), against the New Hampshire Department of Corrections ("DOC"), for actions taken by officers and agents of the DOC, NHSP, and Adult Parole Board ("APB"), involving Staples, after November 22, 2011, as alleged more fully in Document No. 63.  The May 11 Service Order (doc. no. 85) identified that claim as Claim 8.

Claim 8 is described in greater detail below:

> 8.   Defendants are liable under the ADA Title II and the Rehabilitation Act, for actions taken by the APB, NHSP, and DOC, through its officers, in failing to accommodate Staples's post-concussion syndrome, with respect to the following incidents, each of which occurred after Staples had alerted NHSP officials that he had post-concussion syndrome:
>
>> A.   On November 22, 2011, twelve unnamed NHSP officers beat and pepper-sprayed plaintiff for refusing to remove a string from his own finger, without first attempting to talk with plaintiff or remove the string themselves, where plaintiff's behavior manifested his post-concussion syndrome;
>>
>> B.   Officers including Fiorillo, Carroll, and Forcier caused plaintiff to be tazered and otherwise subjected to excessive force, as described more fully in Claims 9(a)-(c), for behavior manifesting plaintiff's post-concussion syndrome, without providing plaintiff with a reasonable accommodation for his post-concussion syndrome;
>>
>> C.   The New Hampshire Adult Parole Board did not

>    reschedule plaintiff's April 2013 parole hearing prior to December 2013, or grant him retroactive parole at that time, thereby failing to provide plaintiff with a reasonable accommodation for plaintiff's refusal to leave his cell in April 2013, which resulted from plaintiff's post-concussion syndrome;
>
>    D.   Plaintiff was placed in punitive segregation subsequent to November 22, 2011, and was not provided with a reasonable accommodation, for behavior, including his refusal to compromise his religious practice of maintaining a long beard, which manifests his post-concussion syndrome.

## **Discussion**

In light of plaintiff's pro se status, the court has construed Document No. 63 as a request for leave to amend the complaint to join new defendants and to add new claims asserted in Document No. 63, and to add new allegations with respect to existing claims. The new allegations, claims, and defendants are those identified above with respect to Claims 8 and 9, and those identified in the May 11 Service Order (doc. no. 85), with respect to the remaining allegations set forth in Document No. 63. In connection with the court's preliminary review of Document No. 63, the May 11 R&R (doc. no. 84) recommended that Staples's attempt to assert claims in this case against the Merrimack County Department of Corrections ("MCDOC") be denied, and that MCDOC not be joined as a defendant.

In the May 11 Service Order (doc. no. 85), this court directed service of process upon certain new defendants, including Fiorillo, Forcier, and Carroll. Fiorillo, Forcier, and Carroll have appeared

through counsel, but they have declined to answer the pertinent allegations in Document No. 63, pending this court's reconsideration of the propriety of adding Claim 9 to this action, and joining them as defendants. See Defs.' Response (doc. no. 100), at 26.

A motion seeking to add new defendants is, in general, evaluated using the "same standard of liberality" that applies in evaluating whether a motion to amend should be granted. See Garcia v. Pancho Villa's of Huntington Vill., Inc., 268 F.R.D. 160, 165 (E.D.N.Y. 2010). Cf. Fed. R. Civ. P. 15(a)(2) (court should freely grant leave to amend when justice so requires). A motion to add both new defendants and new claims to a prisoner's lawsuit may be properly denied, if the court finds that proposed new defendants and new claims are not sufficiently related to the original claims in the case to warrant litigation in one action, and if there are other factors that counsel in favor of severing the matters. See generally George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims [asserted by inmates] against different defendants belong in different suits," in part "to ensure that prisoners pay the required filing fees" and that prisoners do not avoid exposure to the three "strikes" provision of 28 U.S.C. § 1915(g)); Guiden v. Werholtz, No. 11-3031-SAC, 2011 WL 1807443, 2011 U.S. Dist. LEXIS 50890, at *65 (D. Kan. May 11, 2011). Cf. 7 Charles Alan Wright et al., Fed. Prac. & Proc.

Civ. § 1655 (3d ed. 2001) ("plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all").

Claims 9(a)-(c), set forth above, assert claims for relief against individual NHSP officers who have not previously been named as defendants in this action, with respect to any claim. Staples' action includes only one other excessive force claim (Claim 6), asserted against two different NHSP officers, Sgt. Parent and Lt. Courshesne, which arises out of an incident in 2013. Those facts alone, however, do not lead this court to conclude that adding Claim 9 and joining Carroll, Forcier, and Fiorillo as defendants would be inconsistent with the interests of justice, or otherwise improper. Those individual defendants are officers of defendant DOC, are represented by the same counsel, and are alleged to have taken actions that not only violated plaintiff's rights under the Eighth Amendment, but also violated plaintiff's rights under the Rehabilitation Act and Title II of the ADA. Where the occurrences forming the basis for Claims 9(a)-(c) also give rise to potential liability for disability discrimination under Claim 8(b), requiring plaintiff to litigate those claims against different defendants in

separate lawsuits would waste judicial resources and cause unnecessary inconvenience and burdens to the parties and witnesses. All claims arising out of the same incidents forming the basis for Claims 8(b) and 9(a)-(c) should be litigated together, as they necessarily present common questions of law or fact. See Fed. R. Civ. P. 20(a)(2). Accordingly, the district judge should allow Claims 9(a)-(c) to proceed in this action, joining Forcier, Carroll, and Fiorillo as defendants.

## Conclusion

For the foregoing reasons, the district judge should accept the May 11 R&R (doc. no. 84), as supplemented by this Supplemental R&R, and should permit Claims 9(a)-(c) to proceed in this action, thereby joining defendants Carroll, Forcier, and Fiorillo to this action. Upon the district judge's acceptance of this Supplemental R&R, all defendants should be granted fourteen days to amend or supplement their answer or other response to the "Amended and Supplemental Complaint" (doc. no. 63), with respect to Claims 8 and 9, as identified in this Supplemental R&R.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the

7

specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

*/s/ Andrea K. Johnstone*
Andrea K. Johnstone
United States Magistrate Judge

August 3, 2015

cc: Frank Staples, pro se
    Francis Charles Fredericks, Esq.
    Nancy J. Smith, Esq.